**ALLSTATE INSURANCE COMPANY,**
Plaintiff—Appellee,

v.

**Jack BRESHEARS; et al.,**
Defendants—Appellants,

and

**Michael Joseph Lynch;
et al., Defendants.**

No. 04–15428.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Nov. 18, 2005.*

Decided Nov. 23, 2005.

Michael A. Barnes, Esq., Sonia R. Martin, Esq., Ashley H. Osborne, Esq., Sonnenschein Nath & Rosenthal, LLP, San Francisco, CA, for Plaintiff-Appellee.

Marchmont J. Schwartz, Esq., Trace D. Alexander, Esq., Schwartz & Alexander, Concord, CA, Bryce C. Anderson, Antioch, CA, for Defendants-Appellants.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

## MEMORANDUM **

Jack and Dorothea Breshears appeal the district court's grant of summary judgment in favor of Allstate Insurance Company on the parties' requests for declaratory judgment. We affirm.

error. *See United States v. Matthews,* 240 F.3d 806 (9th Cir.2000).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not .be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[1, 2] The underlying action against the Breshearses alleges injuries caused by a towed vehicle that had been negligently maintained. That action thus arises out of the maintenance and use of a pickup truck, and so is excluded from coverage by the motor vehicle exclusions. Whether the Breshearses sold the pickup prior to its being towed is immaterial because the policy exclusions do not specify ownership of the vehicle at the time of the accident. The dead storage exception to the motor vehicle exclusion is not applicable because the pickup was not in dead storage at the time of the accident, as it was being towed.

■ Allstate was not obligated to provide the Breshearses with independent counsel because Allstate's trial counsel in the personal injury case could not influence the outcome of the coverage case, which turned entirely on matters of law. Accordingly, there was no conflict of interest under California Civil Code § 2860(b).

AFFIRMED.